960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Nicolaos GRIGOROPULOS, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 Nos. 91-2065, 91-2066.
 United States Court of Appeals,
First Circuit.
 April 10, 1992
 
 Nicolaos Grigoropulos on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, and Salixto Medina-Malave, Assistant United States Attorney, on brief for appellee.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant, Nicolaos Grigoropulos, appeals from judgments of the United States District Court for the District of Puerto Rico dismissing two motions under 28 U.S.C. § 2255 to vacate his sentence.
 
 BACKGROUND
 
 2
 Appellant, on route from Bogota, Colombia to Madrid, Spain, was arrested when his Iberia Airlines flight made a stopover in Puerto Rico. An inspection by United States Customs officials at the Luis Munoz Marin International airport in Carolina, Puerto Rico, revealed the presence of cocaine in his luggage. He was charged in a three-count indictment with the following: (1) intentionally importing into the customs territory of the United States, from a place outside, approximately 4.5 kilograms of cocaine in violation of 21 U.S.C. § 952(a); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) intentionally bringing cocaine on board an aircraft arriving in the customs territory of the United States, the cocaine not being part of the cargo entered in the manifest or part of the official supplies of the aircraft in violation of 21 U.S.C. § 955.
 
 
 3
 On January 27, 1989, appellant entered a plea of guilty as to Count III. The district court sentenced appellant to a term of imprisonment of eighty-four months and a four-year term of supervised release. The court dismissed the first two counts as per the plea agreement. The docket sheet indicates that on July 7, 1989, appellant, acting pro se, filed a notice of appeal and a request for the appointment of appellate counsel. On July 17, 1989, the district court appointed Carlos Garcia Gutierrez to represent appellant on appeal. For reasons discussed more fully infra, we dismissed the appeal on October 10, 1990, for lack of prosecution, counsel never having filed a brief on behalf of appellant.
 
 
 4
 On January 8, 1991, appellant filed a motion, pursuant to 28 U.S.C. § 2255, to set aside his sentence. He raised three grounds for relief: (1) trial counsel provided ineffective assistance of counsel by failing to raise the issue of an unlawful search of appellant's luggage and by neglecting to investigate an entrapment defense based on the actions of Iberia Airlines and U.S. Customs officials in arranging to have what appellant was told was a nonstop flight land in Puerto Rico where appellant was then arrested; (2) appellate counsel provided ineffective assistance of counsel by failing to follow this court's briefing schedule and by failing to file a brief in accordance with Anders v. California, 386 U.S. 738 (1967); and (3) the United States government had no jurisdiction over appellant because he is a Greek citizen and never had intended to enter the United States.
 
 
 5
 The district court, on August 12, 1991, denied this § 2255 motion. It rejected all of appellant's claims. Specifically, it determined that appellant was not entitled to a new direct appeal because the government had demonstrated that any appeal would have lacked merit.[1]
 
 DISCUSSION
 
 6
 Because we find that appellant was completely left without any appellate representation in violation of his constitutional rights, we hold that he is entitled to a new appeal from his criminal conviction. We base this conclusion on our recent decision in Bonneau v. United States, No. 91-1584, slip op. (1st Cir. April 6, 1992).[2]
 
 
 7
 In Bonneau, appellant's counsel filed two requests for extensions of time to file a brief on appellant's behalf. We granted both requests. Approximately two months after the last deadline, we dismissed the appeal under Local Rule 45 for want of prosecution; counsel never had filed an appellate brief. The notice of the dismissal was sent to counsel. Subsequently, mandate issued. Although Local Rule 45 provided that counsel could move for reinstatement of the appeal within ten days of the dismissal, counsel did not file such a request for over ten weeks. Counsel filed a brief with this request. Finding no "unusual circumstances," we denied the reinstatement motion. Appellant, acting pro se, then filed a § 2255 motion. The district court denied the motion on the ground that appellant failed to demonstrate the presence of any meritorious appellate issues.
 
 
 8
 We reversed. In so doing, we relied on Penson v. Ohio, 488 U.S. 75 (1988). In Penson, the Supreme Court distinguished between the situation where denial of counsel leaves a defendant completely without representation during appellate proceedings and the case where it is alleged that counsel's assistance was ineffective-as in failing to press a particular argument on appeal. Id. at 88. In the former instance, the Court held, it would be "inappropriate" to apply the "prejudice" requirement of Strickland v. Washington, 466 U.S. 668 (1984), or the "harmless error" analysis of Chapman v. California, 386 U.S. 18 (1967). Id. at 88-89. Rather, prejudice, in this instance, is presumed. Id. at 88. Based on Penson and other cases, we concluded:
 
 
 9
 There can be no doubt that appellant here was deprived of his constitution al right to appeal because of the dereliction of counsel. This is not a case o f sloppy briefing that missed some vital issues and/or inadequate oral argument. Appellant never had an opportunity to appeal. He is entitled to do so and m ust be treated exactly like any other appellant appealing for the first time. This means that he does not have to show that there are meritorious issues to b e appealed.
 
 
 10
 Bonneau, slip op. at 15-16 (citation and footnote omitted).
 
 
 11
 In this case, as in Bonneau, appellate counsel never filed a brief on behalf of appellant. Rather, counsel filed several motions. First, due to communication problems with appellant and uncertainty concerning his status as a court-appointed attorney, counsel filed a motion dated October 11, 1989 to extend the time for filing appellant's brief until November 30, 1989.[3] On December 22, 1989, counsel requested a second extension of time for filing appellant's brief on the ground that he had not received the transcripts of the change of plea and sentencing hearings.
 
 
 12
 In a motion dated January 25, 1990, counsel asked for a third extension of time for filing appellant's brief, stating that the two transcripts still had not been transcribed. Subsequently, this court issued an order on May 10, 1990 which stated that, all the transcripts having been filed, appellant was to file his brief by June 15, 1990. Apparently, not having received this order, counsel filed, on May 15, 1990, a fourth motion to extend the time for filing the brief. He indicated that although all the hearings had been transcribed, he required more time to discuss the case with appellant.
 
 
 13
 On June 28, 1990, counsel filed his fifth and last motion for extension of time. He requested until July 20, 1990 to file the brief. The reasons given by counsel were that appellant misunderstood what kinds of issues could be raised on appeal, that counsel was having trouble communicating with appellant and, as a result, that counsel was arranging for a Greek interpreter. We extended the deadline for the filing of the brief until July 16, 1990. On October 10, 1990, we again dismissed the appeal for want of prosecution, never having heard from counsel after the June 28th motion.
 
 
 14
 There is no excuse for counsel's dereliction in this case. Had he believed that appellant's appeal lacked merit, he could have moved to withdraw, following the procedure set out in Local Rule 46.4(a)(4) and Anders v. California, 386 U.S. 738, 744-45 (1967) (where counsel believes case to be "wholly frivolous", his request to withdraw must be accompanied by a brief "referring to anything in the record that might arguably support the appeal"). Counsel also could have moved to withdraw under the other provisions of Local Rule 46.4(a). Not having done so, his abandonment of appellant deprived appellant of the opportunity to appeal directly from his conviction. There being no question that appellant never waived his right to a direct appeal, we vacate the dismissal of the first § 2255 motion and remand to the district court for resentencing so that appellant may take a direct appeal to this court.[4] See Bonneau, slip op. at 16.
 
 
 15
 So ordered.
 
 
 
 [1]
 Appellant filed a second § 2255 motion on August 28, 1991. In it, he alleged only that the warrantless search of his luggage violated the Fourth Amendment. The district court dismissed this motion on the same day it was filed. Appellant also has appealed from this denial
 
 
 [2]
 We therefore need not address, nor do we express any opinion on, the other two grounds raised in the first § 2255 motion
 
 
 [3]
 Meanwhile, we had issued an order, dated October 11, 1989, dismissing the appeal for want of prosecution. Upon receiving the above motion, however, we reinstated the appeal, formally appointed Carlos Garcia Gutierrez as appellant's counsel and extended the time for appellant to file his brief to December 11, 1989
 
 
 [4]
 Because the second § 2255 motion is duplicative of the first one, we affirm the judgment of the district court dismissing it